# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

James P.,
**Petitioner Below, Petitioner**

**vs) No. 16-0961** (Kanawha County 12-D-1339)

Anna P.,
**Respondent Below,**

**and the Bureau for Child Support Enforcement,**
**Respondents**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James P., by counsel James T. Cooper, appeals the Circuit Court of Kanawha County's September 12, 2016, order refusing his appeal of the Family Court of Kanawha County's denial of his request to modify his child support obligation.[1] Respondent Anna P., appearing pro se, filed a response. Respondent Bureau for Child Support Enforcement ("BCSE"), by counsel Kimberly D. Bentley, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 22, 2012, petitioner filed for divorce from respondent Anna P. During their marriage, they had three children. On October 29, 2012, the family court entered a temporary order requiring petitioner to pay respondent Anna P. $1,860 from each paycheck. At the time this temporary order was entered, petitioner was employed by a mining company as a fire boss earning over $90,000 per year. Petitioner later separated from this company, and on October 11, 2013, filed an expedited petition for modification of the temporary order's provisions relative to child and spousal support. This petition for modification asserted a substantial change in circumstances in that petitioner's employment had been eliminated as part of a workforce reduction, and he was then receiving weekly unemployment benefits totaling $424. It does not

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

appear from the record that the merits of this petition were addressed prior to the entry of the final divorce order.

On March 13, 2015, the family court entered the final divorce order, which ordered petitioner to pay child support in the amount of $1,372.56 per month. At a hearing preceding the entry of the final divorce order, the family court found that petitioner could have transferred to other locations within the mining company from which he separated. Thus, in the final divorce order, the family court attributed to petitioner an annual income of $90,000, which was comparable to the salary earned in his prior employment.[2] The family court further found that petitioner "has made no effort to secure comparable employment during the pendency of this action."

Petitioner appealed the final divorce order to the circuit court on several grounds, including his assertion that the child support obligation was calculated based upon what he could make rather than what he actually made. Finding no error, the circuit court refused petitioner's appeal by order entered on April 13, 2015.

On September 23, 2015, respondent BCSE moved to determine child support arrears and for entry of judgment against petitioner in the amount of arrears as found by the family court. On January 14, 2016, the family court entered an order finding petitioner in arrears in the amount of $22,951.51. Respondent Anna P. was awarded a judgment in this amount, and petitioner was found in contempt due to his willful failure to pay child support. On this same date, the family court entered an order obligating petitioner to pay to respondent $1,500 per month towards child support. Of this amount, $127.44 went toward arrears, and the remaining $1,372.56 represented his current child support obligation.

Petitioner appealed the January 14, 2016, order to the circuit court, arguing that he had been laid off from his coal mining job and had been unable to obtain employment with comparable income. Petitioner asserted that his present monthly income was approximately $1,500; thus, he was unable to pay monthly child support of $1,500. On April 4, 2016, the circuit court refused petitioner's appeal finding no good cause or other justification to grant the petition for appeal.

On May 16, 2016, petitioner filed a petition for modification with the family court. He again asserted that he had made substantial efforts to obtain employment in the coal industry to no avail. Petitioner stated that he earned only $14,155 per year working for a family business. He also stated that, as part of his compensation, he was afforded the use of an apartment that typically rents for $450 per month, which brought his gross yearly income to $19,555. Petitioner asserted that the income attributed to him in calculating child support has resulted in a child support obligation that is impossible for him to meet, and he also asked the court to take judicial notice of the downturn in the coal industry. Petitioner concluded that these facts established a

---

[2]"Attributed income" is defined as "income not actually earned by a parent but which may be attributed to the parent because he or she is unemployed, is not working full time or is working below full earning capacity or has nonperforming or underperforming assets." W.Va. Code § 48-1-205(a).

substantial change in circumstances that entitled him to a reduction and modification of his current child support obligation.

On July 7, 2016, the family court denied petitioner's petition for modification finding that petitioner appealed the family court's attribution of income twice, and his appeals were refused on both occasions. The family court found petitioner's petition for modification to be a "third bite at the apple" and that petitioner provided "little to no evidence of his attempt to find comparable employment to the level he voluntarily left." The family court found that petitioner's testimony concerning his employment attempts lacked credibility. Thus, the family court found that petitioner failed to prove a significant change in circumstances since the entry of the final divorce order and the subsequent appeals.

Shortly after petitioner's petition for modification was denied, the family court entered another contempt order. This order stated and found that that petitioner liquidated his retirement account that contained a pre-tax balance of $24,636.41, and that, although petitioner made postseparation contributions to this account, respondent Anna P. was entitled to $4,942.49. Despite petitioner's nearly $30,000 in outstanding child support obligations, the record reflects that he spent the liquidated funds on tattoos, liposuction, and teeth repairs. The family court found petitioner's unilateral liquidation of the marital account to be in willful contempt of the final divorce order,[3] and ordered petitioner to pay respondent Anna P. the balance of her portion of the retirement account to purge himself of the contempt.

Petitioner appealed the family court's denial of his petition for modification. By order entered on September 12, 2016, the circuit court denied the petition finding that the family court's conclusion that no significant change in circumstances existed to warrant a modification conforms to the facts and the law, and that no good cause or other justification to grant the petition for appeal existed. It is from this order that petitioner appeals.

On appeal, petitioner contends that the lower courts erred in failing to find that he proved a substantial change in circumstances warranting a modification of his child support obligation. Petitioner asserts that he has sought employment with companies both in and out of the coal industry, as evidenced by hand-written lists appended to his petition for modification and presented during the hearing on that petition. He also asserts that he sent out numerous resumes, applied online for at least one position, and signed up with employment agencies. Petitioner claims that none of his efforts at seeking comparable employment have been successful. He also contends that the family court's finding that petitioner provided "little to no evidence of his attempt to find comparable employment to the level he voluntarily left" is clearly erroneous.

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the circuit court judge under the clearly erroneous standard, and the

---

[3]The final divorce order ordered that respondent Anna P. "be awarded her 50% marital portion of any and all of the [p]etitioner's 401k, pension and/or retirement accounts."

application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 475, 607 S.E.2d 803, 804 (2004).

"The court may modify a child support order, for the benefit of the child, when a motion is made that alleges a change in the circumstances of a parent or another proper person or persons." W.Va. Code § 48-11-105(a). Petitioner contends that he has established a substantial change in circumstances by seeking, but not finding, employment since the final divorce order was entered. The family court found, and the circuit court affirmed, that petitioner provided "little to no evidence of his attempt to find comparable employment to the level he voluntarily left," and that petitioner's testimony concerning his employment attempts lacked credibility. Aside from providing a list of companies petitioner purportedly contacted regarding employment and a copy of his resume, petitioner submitted no evidence documenting any attempts at comparable employment. Petitioner's list of companies does not include dates of contact, and, in spite of his testimony that he sent resumes to various companies and submitted at least one application online, petitioner has failed to present a single letter or other correspondence from any prospective employer evidencing receipt of his resume or application. Thus, the lower courts' findings that he presented little evidence of his attempts to find comparable employment is not clearly erroneous.

With respect to petitioner's challenge to the finding that his testimony lacked credibility, we note that "[a]n appellate court may not decide the credibility of witnesses . . . as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Petitioner's past attempt to avoid paying respondent Anna P. her share of petitioner's retirement account and failure to put any portion of his liquidated retirement account toward his child support arrearages support the lower courts' finding regarding petitioner's credibility. Consequently, this finding is not clearly erroneous. For these reasons, the lower courts were not clearly erroneous in concluding that petitioner failed to prove a significant change in circumstances warranting modification of his child support obligation.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**:  September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker